UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

TYRONE ANTHONY GARCIA,

              Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**MEMORANDUM AND ORDER**
Case No. 22-CV-2449 (FB)

*Appearances*:
*For the Plaintiff*:
DANIEL BERGER
1000 Grand Concourse, Suite 1-A
Bronx, NY 10451

*For the Defendant*:
BREON PEACE
United States Attorney
By: GEORFFREY M. PETERS
SSA/OGC
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

      Tyrone Garcia ("Garcia") seeks review of the Commissioner of Social Security's (the "Commissioner") denial of his application for disability insurance benefits. Both parties move for judgment on the pleadings. For the following reasons, Garcia's motion is granted, and Commissioner's motion is denied. The case is remanded for further proceedings consistent with this Memorandum and Order.

1

## I. PROCEDURAL HISTORY

Garcia applied for disability insurance benefits on April 30, 2018, alleging disability as of September 16, 2016, due to a herniated disc, damaged nerve, collapsed lung, and mild bilateral facet arthrosis with ligamentum flavum hypertrophy. After Garcia's claim was denied, he filed a written request for a hearing in October 2018. On October 29, 2019, Garcia appeared *pro se* at a telephone hearing before an administrative law judge ("ALJ"). The ALJ informed Garcia of his right to representation and adjourned the hearing in order allow Garcia to obtain counsel. After a telephone hearing on January 11, 2021, the ALJ issued a decision on January 19, 2021, finding Garcia not disabled. The Appeals Council denied Garcia's request for review on March 3, 2022, making the ALJ's decision the final decision of the Commissioner.

## II. LEGAL STANDARD

District Courts reviewing determinations of the Commissioner under 42 U.S.C. § 405(g) must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90-91 (2d Cir. 2022). A reviewing district court may not conduct a de novo review or substitute its own judgment for that of the ALJ, *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012),

reversing the ALJ "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error," *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (cleaned up). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (cleaned up). The ALJ's legal conclusions are not entitled to deference by reviewing courts "where an error of law . . . might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (cleaned up).

### III. DISCUSSION

The Commissioner uses a five-step inquiry to evaluate disability claims under the Social Security Act, determining

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" ["RFC"] assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Estrella v. Berryhill*, 925 F.3d at 94 (*quoting McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014)). The plaintiff bears the burden of persuasion for the first four factors; if successful, the burden shifts to the Commissioner during analysis of the fifth factor. *Id.*

3

At step one, the ALJ found that Garcia had not engaged in substantially gainful activity since September 16, 2016. He next found that he suffered from severe impairments including "lumbar degenerative disc disease and scoliosis, with radiculopathy, status-post laminectomy, and micro-discectomy procedures; post laminectomy syndrome," none of which met a listed impairment. Tr. 17. The ALJ then made the following RFC determination:

> [T]he claimant has the residual functional capacity to perform light work . . . except he can frequently handle and/or finger with both upper extremities, can occasionally push, pull and/or operate foot controls with both lower extremities, can occasionally stoop, kneel crouch, and/or crawl, can occasionally climb stairs and/or ramps, can occasionally climb ladders, ropes and/or scaffolds, and can occasionally be exposed to vibrations. He is able to understand and remember simple instructions, make simple work related decisions, and carry-out simple instructions.

Tr. 19. At the fourth step, the ALJ found that Garcia had no past relevant work. The ALJ found that based on the Garcia's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy he could perform. Under 20 C.F.R. 404.1520(g), the ALJ concluded that Garcia had not been disabled between September 16, 2016, and the date of the decision. Tr. 24.

The Court finds that the ALJ committed legal errors which, if rectified, could have led him to a different conclusion regarding Garcia's disability status. In particular, the ALJ erred in relying on the opinions of consultative examiner Dr. Chaim Shtock ("Shtock") and state agency medical consultant Dr. L. Samuel

4

("Samuel"). Shtock found that Garcia had a mild limitation in heavy lifting and squatting, moderate limitation in crouching and frequent bending, and no limitation in kneeling, frequent stair climbing, performing overhead activities, performing fine and gross activities with both hands, or prolonged walking and sitting. Samuel determined that Garcia could occasionally lift and carry 20 pounds, frequently do so with 10 pounds, stand and/or walk six hours during an eight-hour workday and sit for the same length of time, occasionally climb ladders, ropes, or scaffolds. Samuel also found that Garcia had an unlimited ability to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and suffered from no manipulative or environmental limitations.

"[T]he persuasiveness of each medical source is evaluated according to five factors: (i) supportability, (ii) consistency, (iii) relationship with claimant, (iv) specialization, and (v) 'other factors.' Supportability and consistency are the two most important factors in determining persuasiveness of medical opinions, and the ALJ must articulate consideration of each." *Guilbe v. Comm'r of Soc. Sec.*, No. 1:22-CV-02841-FB, 2023 WL 3057334, at *1 (E.D.N.Y. Apr. 24, 2023) (citing 20 C.F.R. §§ 404.1520c(c); 404.1520c(a)(2)). The ALJ found Shtock's opinion "persuasive" and Samuel's opinion "generally" or "partially" persuasive. Tr. 16.

Neither doctor considered or had access to Garcia's MRI exam results or his electromyography ("EMG") testing results, which the ALJ acknowledged showed

5

abnormalities, including bilateral L4-L5 radiculopathy, scoliosis, multilevel disc herniation, and nerve impingement. "Courts have consistently decided that when consultative physicians fail to read a claimant's MRI results prior to formulating a medical opinion, their opinion cannot constitute substantial evidence. *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *4 (E.D.N.Y. Apr. 15, 2023) ("the opinion of a consultative physician who 'did not review important medical records . . . cannot constitute . . . substantial evidence to support an RFC'" (quoting *Benitez v. Comm'r of Soc. Sec.*, No. 20-CV-5026 (RWL), 2021 WL 4239244 at *17 (S.D.N.Y. Sept. 17, 2021))).

The ALJ's reliance on these opinions is further undermined by Shtock's use of vague language in his conclusions, describing Garcia's limitations as "moderate," "mild," and "modest[]." Tr. 22. The Second Circuit has discouraged reliance on evaluations that are "couched in terms 'so vague as to render it useless in evaluating' the claimant's residual functional capacity." *Burgess*, 537 F.3d at 129-30 (quoting *Curry v. Apfel*, 209 F.3d 117, 123-24 (2d Cir. 2000), *superseded by regulation on other grounds*, *as recognized in Young v. Comm'r of Soc. Sec.*, No. 7:13-CV-734, 2014 WL 3107960, at *9 (N.D.N.Y. July 8, 2014)); *see Douglass v. Astrue*, No. 11–3325–cv, 2012 WL 4094881, at *1 (2d Cir. Sept. 19, 2012) ("Standing alone, Dr. Magurno's indefinite conclusion regarding the 'moderate' limitations on plaintiff's ability to sit does not provide substantial

6

evidence for the ALJ's conclusion that she could sit for six hours of an eight-hour workday, at least without additional restrictions.").

The ALJ found the only two other medical opinions in the record, those of Dr. Zaw Naing and Dr. Vikas Varma, "partially persuasive" and unpersuasive, respectively. Tr. 17. The medical opinions used by the ALJ therefore were either deemed to have limited or no value by the ALJ or have serious flaws that undermine their ability to support the ALJ's RFC determination. Medical records alone cannot provide substantial evidence for an RFC determination; rather, an "ALJ's RFC determination must be supported by a medical opinion" and that opinion must have been "in the record at that time." *Pearson v. Comm'r of Soc. Sec.*, No. 20-CV-3030 (AMD), 2021 WL 3373132, at *4 (E.D.N.Y. Aug. 3, 2021).

Because the ALJ's outcome may have been different if he properly evaluated Shtock and Samuel's opinions, the case must be remanded for further proceedings. Remand is appropriate for the ALJ to determine whether Shtock and Samuel's assessments would change if Garcia's MRI and EMG results were considered and to clarify the meaning of "moderate," "mild," and "modest[]" limitations in determining Garcia's RFC. Tr. 22; *see Fintz*, 2023 WL 2974132, at *6 (finding error where ALJ relied on medical opinion that did not consider claimant's MRI and "utilized vague terms" such as "'moderate'" "when describing [claimant's] functional limitations") (citing *Burgess*, 537 F.3d at 131-32).

7

## IV. CONCLUSION

Garcia's motion for judgment on the pleadings is granted, the Commissioner's cross-motion for judgment on the pleadings is denied, and the case is remanded for further proceedings in accordance with this Memorandum and Order.

**SO ORDERED.**

                                                 /S/ Frederic Block
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
August 1, 2023